# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 18-4117 DDP (SS) | Date: May 23, 2018 |
| | Page 1 of 5 |

Title:  Wesley J. Coleman v. Dean Borders, et al.

**DOCKET ENTRY:  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On April 23, 2018,[1] Wesley J. Coleman, a California state prisoner proceeding pro se, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner is challenging his August 9, 1999 conviction by a Los Angeles County jury for possession of a firearm by a felon and felony evading. (Petition at 2).  The jury also found true that Petitioner had sustained four prior serious or violent felony convictions within the

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  Petitioner appears to have signed the Petition on April 23, 2018.  (Petition at 8).  Therefore, the Court will deem the Petition filed on that date.  See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 18-4117 DDP (SS)                    Date: May 23, 2018
                                                    Page 2 of 5

Title:      Wesley J. Coleman v. Dean Borders, et al.

meaning of California's Three Strikes law.  See People v. Coleman, 2001 WL 1250396, at *1 (Cal. Ct. App. Oct. 18, 2001).  Petitioner claims that he is entitled to federal habeas relief because his sentence of twenty-eight years to life is cruel and unusual, his trial counsel was ineffective, and the jury did not find all the facts essential to his punishment.  (Id. at 5-6).  However, the Petition appears to be successive.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 336 (1997).  Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition.  Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam).  AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals.  See 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Burton, 549 U.S. at 152-53 (quoting 28 U.S.C. § 2244(b)(3)(A)).

"If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions."[2]  Tyler v. Cain, 533 U.S. 656, 661 (2001).  However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

---

[2] "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  The other is for certain claims relying on new rules of constitutional law."  Tyler, 533 U.S. at 661 (citations omitted).  Neither of these exceptions appears to apply here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 18-4117 DDP (SS)                              Date: May 23, 2018
                                                              Page 3 of 5

Title:       Wesley J. Coleman v. Dean Borders, et al.

The instant Petition appears to challenge the same 1999 conviction and sentence that Petitioner has previously challenged in this Court in at least <u>three</u> other habeas petitions.[3] In the first prior petition, filed on January 27, 2004, Petitioner argued, among other grounds for federal habeas relief, that his sentence was cruel and unusual, his counsel was ineffective, and the court and the prosecutor committed various instances of misconduct. (See <u>Wesley J. Coleman v. Pat Vasquez</u>, CV 04-0573 DDP (CT) ("Prior Petition I"), as summarized in Report and Recommendation, Dkt. No. 15 at 6-7). On July 6, 2004, the Court denied Prior Petition I as untimely, and, in the alternative, on the merits, and dismissed the action with prejudice. (See <u>id.</u> at 8-16 (timeliness analysis) & 17-22 (merits analysis); Dkt. Nos. 20 (Order Accepting), 21 (Judgment)). The Ninth Circuit denied Petitioner's request for a certificate of appealability on January 18, 2005. (See Dkt. No. 28).

Petitioner filed the second prior petition on January 25, 2006. (See <u>Wesley J. Coleman v. P. Vasquez</u>, CV 06-0463 DDP (CT) ("Prior Petition II")). The Court summarily dismissed Prior Petition II as successive on February 23, 2006. (<u>Id.</u>, Dkt. Nos. 3 (Memorandum Decision and Order), 4 (Judgment)). The Ninth Circuit denied Petitioner's request for a certificate of appealability on November 24, 2006. (Dkt. No. 10).

Petitioner filed the third prior petition on November 19, 2008. (See <u>Wesley J. Coleman v. Pat Vasques [sic]</u>, CV 08-7624 DDP (CT) ("Prior Petition III")). The Court dismissed Prior Petition III as successive on May 27, 2009. (<u>Id.</u>, Dkt. Nos. 4 (Memorandum Decision and Order), 5 (Judgment)). The Ninth Circuit denied Petitioner's request for a certificate of appealability on November 19, 2010. (<u>Id.</u>, Dkt. No. 10).

Because the instant Petition is the <u>fourth</u> habeas petition that Petitioner has filed in this Court challenging the same 1999 conviction and sentence, the Petition appears

---

[3] A fourth prior petition was dismissed without prejudice as unexhausted, and will not be considered here for purposes of the Court's successiveness analysis. (See <u>Wesley J. Coleman v. Bill Lockyer</u>, C.D. Cal. CV 00-4483 DDP (CT), Dkt. Nos. 8 (Report and Recommendation), 9 (Order Accepting), & 10 (Judgment and Order)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-4117 DDP (SS)                    Date: May 23, 2018
                                                    Page 4 of 5

Title:      Wesley J. Coleman v. Dean Borders, et al.

successive.[4] Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate any challenge arising from that conviction. 28 U.S.C. § 2244(b)(3)(A). Based on the Court's review of the docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition. Accordingly, the Court appears to lack jurisdiction to adjudicate the instant Petition.[5] See Burton, 549 U.S. at 157.

Petitioner therefore is **ORDERED TO SHOW CAUSE**, within **fourteen (14) days** of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive. Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason the instant Petition is not barred as successive. After the Court receives a response to the Order to Show Cause, it

---

[4] Furthermore, Petitioner raises at least two grounds for relief in the instant Petition that the Court already denied on the merits in Prior Petition I, i.e., his "cruel and unusual" sentence and ineffective assistance of counsel.

[5] The Petition is also untimely. Indeed, the Court denied Prior Petition I, filed on January 27, 2004, i.e., approximately fourteen years and three months before Petitioner filed the instant Petition, because it was untimely. (See Prior Petition I, Dkt. No. 15, at 15). However, because the bar on successive petitions is dispositive and would deprive this Court of jurisdiction, the Court will not revisit its decision in Prior Petition I regarding the untimeliness of Petitioner's claims. See Cooper v. Calderon, 274 F.3d 1270, 1275 n.3 (9th Cir. 2001) (expressly declining to address the timeliness of a petition upon affirming that the petition was successive); see also Fisher v. Clark, 2014 WL 1457816, at *2 (C.D. Cal. Apr. 14, 2014) ("[T]he Court need not resolve the timeliness issue because the petition is subject to dismissal without prejudice for lack of subject-matter jurisdiction[.]"); Adams v. Fox, 2016 WL 7742175, at *2 (D. Mont. Nov. 21, 2016), report and recommendation adopted, 2017 WL 123732 (D. Mont. Jan. 12, 2017), certificate of appealability denied, 2017 WL 3202589 (9th Cir. May 4, 2017) ("If the 2013 petition was deemed to be untimely, certainly the claims he raises now are even more untimely. And while timeliness could serve as a potential bar to this Court hearing the merits of [petitioner's] present claims, it is the successive nature of the petition which deprives this Court of jurisdiction.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-4117 DDP (SS)                            Date: May 23, 2018
                                                          Page 5 of 5

Title:     Wesley J. Coleman v. Dean Borders, et al.

may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

In addition, the Court notes that this is Petitioner's <u>fourth</u> attempt to challenge the same 1999 conviction and sentence based on essentially the same grounds. The Court has repeatedly explained that Petitioner's claims are untimely (Prior Petition I) and successive (Prior Petitions II and III), and that the Court lacks jurisdiction to hear any future challenges to Petitioner's 1999 conviction and sentence unless and until Petitioner obtains prior approval to file a successive petition from the Ninth Circuit. Petitioner has obstinately refused to accept the Court's rulings. Therefore, the Court cautions Petitioner that if he attempts to challenge his 1999 conviction and sentence in this Court in any future frivolous filings in defiance of the Court's prior rulings, the Court may recommend the imposition of sanctions, including, but not limited to, that Petitioner be deemed a vexatious litigant.

**Instead of filing a response to this Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>. Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders. <u>See</u> Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.